**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN PRICE,

        Petitioner,

v.                                             CASE NO. 2:11-CV-11281

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Brian Price ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, in the Wayne County Circuit Court in 2005 and was sentenced to 25 to 50 years imprisonment in 2006. In his petition, he claims that his plea was involuntary or illusory because his sentence exceeded the state sentencing guidelines.

This matter is before the court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely. Having reviewed the matter, the court will grant Respondent's motion and dismiss the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The court will also decline to issue a certificate of appealability and deny leave to proceed *in forma pauperis* on appeal.

## II.  BACKGROUND

Petitioner pleaded guilty to second-degree murder in exchange for the dismissal of first-degree murder, armed robbery, and felony firearm charges on December 5, 2005.  The trial court sentenced him to 25 to 50 years imprisonment in conformity with his plea agreement on January 6, 2006.  Petitioner was appointed appellate counsel to file an application for leave to appeal.  On May 27, 2006, however, Petitioner signed an affidavit stating that he did not wish to appeal.  Petitioner subsequently moved for the appointment of new appellate counsel and reinstatement of appeal.  The trial court granted his motion for the appointment of appellate counsel but denied his request to restart the time for seeking leave to appeal.  *People v. Price*, No. 05-008345-01 (Wayne Cnty. Cir. Ct. Dec. 13, 2006) (unpublished).  Petitioner thus did not pursue a direct appeal of his conviction or sentence in the state appellate courts.

On July 7, 2008, Petitioner filed a motion for relief from judgment with the state trial court raising the same claim presented in the instant petition.  The trial court denied the motion.  *People v. Price*, No. 05-008345-01 (Wayne Cnty. Cir. Ct. April 9, 2009) (unpublished).  Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Price*, No. 291984 (Mich. Ct. App. Aug. 27, 2009) (unpublished).  He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Price*, 780 N.W.2d 260 (Mich. 2010).

Petitioner dated his federal habeas petition on March 24, 2011 and it was filed by the court on March 30, 2011.  Respondent moved for summary judgment on October 3, 2011, asserting that the petition should be dismissed for failure to comply with the one-

year statute of limitations applicable to federal habeas actions. Petitioner filed a reply to that motion on November 16, 2011, contending that the trial court impeded his right to pursue a direct appeal in the state courts.

### III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner was sentenced on January 6, 2006. He then had, at most, one year to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). He did not do so. His conviction and sentence thus became final on January 6, 2007. Accordingly, Petitioner was required to file his federal habeas petition on or before January 6, 2008, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until July 7, 2008. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the limitations period. Furthermore, AEDPA's one-year limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not assert that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the Supreme Court and

made retroactive to cases on collateral review.  Rather, he asserts that the State created an impediment to his pursuit of a direct appeal because the trial court ruled that he did not have a right to first-tier direct review of his sentence.  Petitioner's assertion is without merit.  The state trial court did not so rule.  Rather, the court indicated that Petitioner had the right to seek leave to appeal following his plea.  The trial court did not prevent Petitioner from timely seeking leave to appeal with the Michigan Court of Appeals.  Petitioner could have filed a delayed application for leave to appeal on his own or with the assistance of appointed counsel until January 6, 2007.  The fact that the trial court did not so advise him or he misunderstood the court's order does not mean that the court created an impediment to a proper filing.  Even if the trial court's order was misleading as to Petitioner's direct appeal rights, that order did not preclude him from seeking state collateral review in a timely manner.  Petitioner had the opportunity to file a motion for relief from judgment with the trial court before the expiration of AEDPA's limitations period.  Petitioner is not entitled to statutory tolling of the one-year period.  His petition is untimely under 28 U.S.C. § 2244(d).

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010).  The Supreme Court further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  "A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See*

5

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not established that he is entitled to equitable tolling of the one-year period. He had ample opportunity to seek leave to appeal in the state courts (with or without the assistance of counsel), to file a motion for relief from judgment in the state courts, and to seek federal habeas relief in a timely manner. He failed to do so. The fact that he is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has held that a credible claim of actual innocence may also equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28

6

(1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner makes no such showing.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.  His petition is untimely and must be dismissed.  Habeas relief is not warranted.

## IV.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484-85.

7

Having conducted such a review, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim and that jurists of reason would not find the court's procedural ruling that the petition is untimely debatable. Thus, the court declines to issue a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing analysis, the court concludes that Petitioner failed to file his federal habeas petition within the one-year statute of limitations applicable to such actions and that he is not entitled to tolling of the one-year period. His petition is untimely. Accordingly,

IT IS ORDERED that Respondent's motion for summary judgment is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Further, the court DECLINES to issue a certificate of appealability.

Finally, the court also DECLINES to grant leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 29, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522